UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUKER SPATIAL BIOLOGY, INC., BRUKER NANO, INC., and BRUKER CORP., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | CASE NO. 2:25-mc-00023-TL <br><br> **BRUKER SPATIAL BIOLOGY, INC., BRUKER NANO, INC., AND BRUKER CORP.'S MOTION TO ENFORCE FOREIGN SUBPOENA ISSUED TO AMAZON WEB SERVICES, INC.** <br><br> NOTE ON MOTION CALENDAR: <br><br> May 16, 2025 <br><br> ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

Bruker Spatial Biology, Inc., Bruker Nano, Inc., and Bruker Corp. ("Bruker") respectfully move this Court for an order enforcing a third-party subpoena served on Amazon Web Services, Inc. ("Amazon") under Rule 45. The subpoena, served March 13, 2025, seeks targeted Rule 30(b)(6) testimony on three specific topics central to a case-dispositive issue in a pending patent case in the United States District Court for the District of Delaware. *See 10X Genomics, Inc., et al. v. Bruker Spatial Biology, Inc., et al.*, C.A. No. 22-261-MFK (the "Delaware Action"). Discovery in the Delaware Action was specifically reopened based on Bruker's need to collect third-party testimony on this issue. Despite multiple meet-and-confers in the past month on ways to reduce the burden on Amazon—including proposals to limit the deposition to two hours or to proceed with a written deposition—Amazon has neither moved to quash nor agreed to comply. The deadline for compliance passed weeks ago, and Bruker requests that this Court enforce the subpoena and compel Amazon to prepare and produce a corporate representative for a deposition.

## II. BACKGROUND

For a recitation of facts relevant to this motion, Bruker respectfully directs the Court to the accompanying declaration of Savannah Carnes ("Carnes Decl.").

Bruker is the defendant in a pending patent infringement action in the District of Delaware, captioned *10X Genomics, Inc., et al. v. Bruker Spatial Biology, Inc., et al.*, C.A. No. 22-261-MFK. The plaintiffs in the Delaware Action, 10x Genomics, Inc. ("10x") and President and Fellows of Harvard College ("Harvard") allege that Bruker infringes method claims directed to identifying RNA analytes.

///

///

A central issue in that case is whether the "identifying" step is performed within the United States (as required under 35 U.S.C. § 271(a)) or outside the United States by Bruker's cloud-based AtoMx software platform. If even a single step of a method claim is performed outside the country, there is no infringement. *See NTP, Inc. v. Rsch. In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) (abrogated on other grounds) ("We therefore hold that a process cannot be used 'within' the United States as required by section 271(a) unless each of the steps is performed within this country."). Specifically, Bruker contends that the "identifying" step is performed on Amazon's servers that are in Amazon's "Canada-Central-1" region. *See id.* (no infringement where step of the claimed method is performed in Canada). The plaintiffs in the Delaware Action dispute that the "identifying" step takes place exclusively in Canada, and have suggested that servers in Amazon's "Canada-Central-1" region may actually operate in the United States. The location of those servers is therefore central to resolving the infringement question.

The court in the Delaware Action reopened discovery related to this extraterritoriality issue. Carnes Decl., ¶ 10; Delaware Action at D.I. 515. On March 13, 2025, Bruker duly served the Deposition Subpoena on Amazon, seeking testimony on three discrete topics. Carnes Decl., ¶¶ 3, 13; Ex. 1.

Over the past month, Bruker met and conferred with Amazon multiple times and proposed several accommodations to reduce any burden, including time limits, remote appearance, or a written deposition. Carnes Decl.., ¶ 6, Ex. 3. Despite these efforts, Amazon has not agreed to produce a witness, nor has it moved to quash or sought a protective order. *Id.*, ¶¶ 4, 6-7. The subpoena's compliance date—April 4, 2025—has long since passed. Bruker now respectfully seeks an order compelling Amazon to comply with the Deposition Subpoena.

///

## III. ARGUMENT

The Federal Rules of Civil Procedure recognize that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). It is well-established that the "scope of discovery under Rule 45 is the same as under Rule 26(b)." *Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, No. MC23-56RSL, 2023 WL 5533575, at *4 (W.D. Wash. Aug. 28, 2023).

An issuing party can seek to compel a nonparty that refuses to comply with a deposition subpoena. *See* Fed. R. Civ. P. 37(a) (permitting a party to move for an order compelling discovery from a nonparty in the court where the discovery will be taken). A court may prevent discovery that is burdensome or creates a hardship, but in deciding whether to do so, should be mindful when it has "jurisdiction over a discovery dispute for an action pending in a different district," because such a court "generally has limited exposure to and understanding of the primary action." *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 103 (D. D.C. 2005) (cleaned up). In such a scenario, a Court "should hence be cautious in determining relevance of evidence, and in case of doubt should err on the side of permissive discovery." *Id*. (cleaned up).

Moreover, "a party seeking a deposition need not demonstrate the propriety of its request." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003). Rather, "[u]nless a party or witness files a motion for a protective order and seeks and obtains a stay *prior* to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition." *Charm Floral v. Wald Imports, Ltd.*, No. C10-1550-RSM, 2012 WL 424581, at *2 (W.D. Wash. Feb. 9, 2012) (emphasis in original); *see also* Fed. R. Civ. P. 45(d). The "court for the district

where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

### A. The Testimony Sought Is Essential to a Critical Issue in the Underlying Litigation.

On a motion to enforce a subpoena, "the moving party carries the initial burden of demonstrating relevance." *Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, 2023 WL 5533575, at *4. Because the proper scope of discovery "need not be admissible in evidence to be discoverable[,] . . . the relevant question for this Court is not whether the deposition will be admissible at trial, but whether it is relevant and proportional to the needs of the case." *Id*., at *7, citing Fed. R. Civ. P. 26(b)(1).

Bruker seeks discovery from Amazon on a factual issue that is central to the pending Delaware Action: whether the "identifying" step of the asserted method claims is performed within the U.S. *See NTP*, 418 F.3d at 1318 (holding no infringement if even a single step of method claim is performed abroad). Bruker's software platform, AtoMx, is hosted by Amazon.

Amazon has publicly stated[1] that it provides "cloud computing resources" that "are hosted in multiple locations world-wide"; that these locations "are composed of AWS Regions" which are "separate geographic areas"; and that each AWS Region "is designed to be isolated from the other Regions," in a "design achieves the greatest possible fault tolerance and stability." Carnes Decl., ¶ 11. Amazon's blog posts also state: "When you view your resources, you see only the resources that are tied to the AWS Region that you specified. This is because AWS Regions are isolated from each other, and we don't automatically replicate resources across AWS Regions." *Id*. Amazon's discrete AWS Regions include the region referred to as "Canada (Central)." *Id*.

---

[1] https://docs.aws.amazon.com/AmazonRDS/latest/UserGuide/Concepts.RegionsAndAvailabilityZones.html; https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/using-regions-availability-zones.html; and https://aws.amazon.com/blogs/architecture/what-to-consider-when-selecting-a-region-for-your-workloads/ (last visited April 25, 2025).

Plaintiffs in the Delaware Action contend there is a possibility that Amazon's cloud computing services could nonetheless, contrary to Amazon's stated policies, be running Bruker's software on servers located outside Bruker's specified Canada Region and within the U.S. Carnes Decl., ¶ 12. Bruker therefore seeks testimony from Amazon confirming the veracity of its public statements, and that the Canada-Central-1 region consists of servers physically located somewhere in Canada. Bruker cannot rely on Amazon's public statements alone because they are potentially hearsay, and the Delaware Action plaintiffs contest their accuracy.

The importance of this question cannot be overstated. Confirmation that Bruker's software service practices "identification" outside the U.S. is potentially case dispositive of 10x and Harvard's method patent infringement claims in favor of Bruker. Carnes Decl., ¶ 9.

To confirm this crucial factual issue, Bruker issued the Deposition Subpoena to Amazon identifying just three topics of testimony: (1) "The definition/structure of an AWS Region"; (2) "the compliance benefits of AWS Regions discussed in the AWS blog titled 'What to Consider When Selecting a Region for Your Workloads'"; and (3) the "location of Canada Central 1 servers." Carnes Decl., ¶ 13, Ex. 1. Bruker narrowly tailored these topics to go directly to the heart of a question that is central to Bruker's defense in the Delaware Action. Bruker requires Amazon's testimony to substantiate the aforementioned statements in Amazon's blog posts and to explain or expand upon those statements only to the extent necessary to establish the truth and accuracy of the discrete information relevant to this dispute in the Delaware Action.

Bruker respectfully submits there can be no real dispute that the Deposition Subpoena seeks discovery on a non-privileged matter that is relevant to Bruker's defense and proportional to the needs of the Delaware Action, considering the importance of the issues at stake in that action, the importance of Amazon's targeted testimony in resolving those issues, and the

Delaware Action parties' lack of access to Amazon's information. Bruker's questions cannot adequately be addressed by anyone other than Amazon. Amazon's objection that its deposition testimony may not ultimately be admissible at trial (Carnes Decl., Ex. 3) is not a valid ground under the rules of discovery for withholding crucial information. Fed. R. Civ. P. 26(b)(1); *Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, 2023 WL 5533575, at *7.

### B. The Deposition Subpoena Is Not Burdensome and Is Proportional to the Needs of the Delaware Action.

As explained by this District in a recent case ordering an Amazon entity to comply with a third-party subpoena, "once relevance has been established, the burden then shifts to the non-moving party to show that discovery should be disallowed and to support its objections with evidence." *Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, 2023 WL 5533575, at *4. During the meet-and-confer process preceding this motion, the primary objection expressed by Amazon's counsel was that it would be overly burdensome to prepare and produce a corporate representative fully knowledgeable about all of Amazon's global cloud computing infrastructure, Bruker's business operations, and the claims and defenses in the Delaware Action. Carnes Decl., ¶ 6.[2] This objection does not avail, for on its face, the Deposition Subpoena does not seek testimony of such broad scope. It goes only to discrete aspects of certain policies, and "[q]uestions about a company's own policies and guidelines are well within the ambit of a 30(b)(6) deposition." *Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, 2023 WL 5533575, at *8. Precisely because

---

[2] Amazon also objects to the Deposition Subpoena "as improper to the extent the demanded place of production and/or examination (Remote deposition conducted via Zoom) is not within 100 miles of where AWS resides or regularly transacts business in person as required by federal law. *See* Fed. R. Civ. P. 45(c)(1), (c)(2)(A)." Carnes Decl., Ex. 2. First, the Deposition Subpoena does not demand the production of any documents, so Rule 45(c)(2)(a) does not apply. Second, for a remote deposition (as opposed to trial testimony), this Circuit interprets the "place of compliance" under Rule 45(c)(1)(A) "as the witness's location when the witness testifies remotely." *See In re Kirkland*, 75 F.4th 1030, 1045 (9th Cir. 2023).

of the importance of this information to the Delaware Action, Bruker consciously crafted its Deposition Subpoena to impose the least amount of burden on Amazon in providing it.

## IV. CONCLUSION

For the foregoing reasons, Bruker respectfully requests that the Court issue an Order enforcing the Deposition Subpoena and compelling Amazon to prepare and produce a corporate deponent to provide testimony (in a remote deposition) in connection with the Delaware Action.

DATED this 25th day of April, 2025.

Respectfully submitted,

By: /s/ Noelle L. Chung
Noelle L. Chung (WSBA #51377)

I certify that this memorandum contains 1,995 words, in compliance with the Local Civil Rules.

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA
Tel: (650) 623-1401
Fax: (650) 623-1449
Email: Bruker-10X@reichmanjorgensen.com

**Certificate of Service**

I hereby certify that on April 25, 2025, I caused the foregoing Motion to Enforce Foreign Subpoena and accompanying Declaration of Savannah Carnes with attached Exhibits 1-6 and [Proposed] Order to be filed electronically as a miscellaneous action with the Clerk of the Court; to be served on Defendant Amazon Web Services, Inc. via e-mail and U.S. mail; and to be served on 10x Genomics, Inc. and President and Fellows of Harvard College, who are the plaintiffs in a pending patent infringement action in the District of Delaware captioned *10X Genomics, Inc., et al. v. Bruker Spatial Biology, Inc., et al.*, C.A. No. 22-261-MFK, via email.

Dated: April 25, 2025

*/s/ Noelle L. Chung*
Noelle L. Chung (SBN 51377)

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA
Tel: (650) 623-1401
Fax: (650) 623-1449
Email: Bruker-10X@reichmanjorgensen.com